**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ANTHONY PHINNEY
Reg. #31304-044; and
SEVERIN GUNDLACH,
Reg. #06458-025                                                                         PLAINTIFFS

V.                                               2:08CV00186 SWW/JTR

JOSEPH CROWDER,
Unit Counselor, FCI-Forrest City                                                 DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

On August 6, 2008, Plaintiffs, Anthony Phinney and Severin Gundlach, prisoners incarcerated at the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC"), filed a Complaint in the St. Francis County Circuit Court against Defendant FCI-FC Correctional Counselor Joseph Crowder.[1]  *See* docket entry #2.  In the Complaint, Plaintiffs allege that Defendant defamed them, on several occasions in 2008, by falsely telling other inmates that they were members of the "Dirty White Boys" gang.  *Id*.  Plaintiffs contend that Defendant's slanderous comments placed them in danger and caused other inmates to avoid them.  *Id.*  By way of relief, they request

---

[1] Plaintiff Phinney is still incarcerated at FCI-FC. However, soon after this case was removed to federal court, the Clerk was notified that Plaintiff Gundlach was no longer confined at FCI-FC, and he has failed to provide the court with a forwarding address, as required by Local Rule 5.5(c)(2). *See* docket entries #5, #9, #16, #20, #23, #25, and #27. Although Plaintiff Gundlach signed the Complaint, he has not otherwise participated in this case.

a declaratory judgment and monetary damages.[2]  *Id.*  On October 14, 2008, Defendant removed the case to federal court, pursuant to 28 U.S.C. § 1442(a)(1).  *See* docket entry #1

Plaintiff Phinney (hereinafter "Plaintiff") has filed a Motion to Remand to State Court. Defendant has filed a Response (*see* docket entries #4 and #12), along with a "Motion to Substitute the United States as the Party Defendant and to Dismiss the Complaint" and supporting Brief (s*ee* docket entries #10 and #11).  Plaintiff has filed a Response and a Supplemental Response.  *See* docket entries #21 and #24.

The Court will address each of these Motions separately.

## II.  Discussion

### A.    Plaintiff's Motion to Remand

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1).  *See* docket entry #1.  In opposing Plaintiff's Motion to Remand, Defendant argues that removal was proper under controlling federal statutes.

### 1.    Federal Officer Removal Statute (28 U.S.C. § 1442(a)(1))

Section 1442(a)(1) provides, in pertinent part, that a civil action commenced in state court may be removed to federal court if it is brought against "any officer . . . of the United States. . . sued in an official or individual capacity for any act under color of such office."  Importantly, courts have held that this section of the statute must be broadly construed in favor of removal.   *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (8th

---

[2]  In the Complaint, Plaintiffs allege that jurisdiction is proper – in state court – pursuant to several admiralty statutes.  *See* docket entry #2 (citing 46 App. U.S.C. § 742-749 (which has been recodified at 46 U.S.C. § 30903-06)  and 49 U.S.C. §§ 14706, 80113-16)).  Clearly, this case has *nothing* to do with admiralty, and Plaintiff has not raised the matter in any of his subsequent pleadings.

Cir. 2006).  To qualify for removal under § 1442(a)(1), a federal defendant must: (1) raise a

"colorable federal defense"; and (2) establish that the suit is "for an act under color of office."[3]

*Jefferson County of Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 132-

133 (1989).

　　　While the parties have not addressed the first prong of the analysis, there is no question that

it has been satisfied because Defendant argues he is entitled to the defense of sovereign immunity.[4]

*See  Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (explaining that "one of the most important

reasons for removal [pursuant to § 1442(a)(1)] is to have the validity of the defense of official

immunity tried in federal court").

　　　Plaintiff alleges that removal is improper because Defendant cannot establish the second

statutory requirement: that he was acting under color of office, rather than on his own accord, when

he defamed him.  *See* docket entry #4.  However, in *Willingham* (which was a tort action brought

by federal prisoners against federal prison employees), the United States Supreme Court explained

that, for purposes of § 1442(a)(1), it is immaterial whether the defendants were "on a frolic of their

own" when they engaged in the wrongful conduct.  *Id.* at 407.  Rather, federal prison employees are

acting "under color of office" if  "their only contact with [the plaintiff prisoners] occurred inside the

penitentiary, while they were performing their duties." *Id.* at 409.

---

[3] Generally, an action may be removed to federal court only if it is based on diversity or a claim raising a federal question. *Acker*, 527 U.S.  at 431.  However, "[u]nder the federal officer removal statute [§ 1442(a)], suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the *defense* depends upon federal law." *Id.* (emphasis added).

[4] The United States Supreme Court has emphasized that the federal defense need not be "sustainable" or winnable. Rather, it must only be a "colorable" or "plausible." *Acker*, 527 U.S. at 431; *Willingham*, 395 U.S. at 407; *see also United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001).

In this case, it is *undisputed* that Defendant's only contact with the Plaintiff occurred within the FCI-FC and that the alleged defamation occurred while Defendant was working as a Correctional Counselor in that facility. *See* docket entries #2, #4, #10, and #12. Thus, Plaintiff's Motion to Remand should be denied because removal to federal court was proper pursuant to § 1442(a)(1).

### 2.      The Westfall Act, 28 U.S.C. § 2679(d)(2)

Defendant also argues that removal was proper pursuant to the Westfall Act, 28 U.S.C. § 2679.[5] The United States Supreme Court recently summarized this statutory provision as follows:

> [T]he Westfall Act accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. *See* 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act (FTCA). If the action commenced in state court, the case is to be removed to a federal district court, and the certification remains *"conclusiv[e] ... for purposes of removal."* § 2679(d)(2).

*Osborn v. Haley*, 549 U.S. 225, 229-230 (2007) (emphasis added).[6]

On December 18, 2008, which was approximately two months *after* this case was removed to federal court, Defendant provided the Court with a Certification from the United States Attorney stating that Defendant was acting within the scope of his employment with the Federal Bureau of

---

[5] The Westfall Act and the Federal Torts Claim Act apply only to *tort claims* brought against federal employees, and *not* to claims involving a violation of a federal statute or the U.S. Constitution. *See* 28 U.S.C. § 2679(b)(2).

[6] Removal under § 2679(d)(2) is easier that removal under § 1442(a)(1) because: (1) the Certification is conclusive for removal purposes on the color of office/scope of employment issue; and (2) the defendant does not have to raise a colorable federal defense.

Prisons ("BOP") during the relevant times in this case.[7]  *See* docket entry #11, attachment 1. The

Certification meets the mandatory removal requirements of § 2679(d)(2).   Further, the Court need

not decide if the two-month delay in producing the Certification is material because removal was

also appropriate pursuant to § 1442(a)(2).  *See Brown v. Armstrong*, 949 F.2d 1007, 1110 (8th Cir.

1991) (finding that the government's failure to provide a § 2679(d)(2) certification *at the time of

removal* was immaterial because the case was properly removed pursuant to § 1442(a)(1)).

**B.     Defendant's Motion to Substitute United States a Party Defendant**

The purpose of the Westfall Act is "to shield covered employees not only from liability but

from suit" and to place the "cost and effort of defending the lawsuit . . . on the Government's

shoulders."  *Osborn*, 549 U.S. at 248, 252.  Thus, once the case has been removed to federal court,

the Westfall Act allows the United States to be substituted as the Defendant *if* the wrongful act

occurred while the employee was acting within the scope of his employment. *Id.; see also* 28 U.S.C.

§ 2679(d)(1).

If the defendant was acting within the scope of his employment, the United States is

substituted as the Defendant, and the case is governed by the FTCA.[8]  *Anthony v. Runyon*, 76 F.3d

210, 213 (8th cir. 1996).  In contrast, if the Court determines that the defendant was not acting within

_____

[7]  28 C.F.R. § 15.4(a) provides that: "The United States Attorney for the district where the
civil action or proceeding is brought . . . is authorized to make the statutory certification [on behalf
of the Attorney General]  that the Federal employee was acting within the scope of his office or
employment with the Federal Government at the time of the incident out of which the suit arose."

[8]  The Eighth Circuit has acknowledged that: "Substitution of the United States as the
defendant will frequently end the plaintiff's case, either because the FTCA administrative remedies
have not been exhausted, or because, under § 2680, some or all of the plaintiff's claims are simply
not actionable against the United States." *Brown,* 949 F.2d at 1011.

the scope of his employment, the case proceeds in federal court against the individual defendant. *Id.; Osborne*, 549 U.S. at 242 (explaining the United States's certification is conclusive for removal purposes only, and the case may not be remanded to state court even if it is later determined that the defendant was not acting within the scope of his employment).

Unlike the issue of removal, the government's scope-of-employment certification is *not* conclusive for substitution purposes. *Osborn,* 549 U.S. at 242*; Anthony* 76 F.3d at 213. Instead, the certification is prima facie evidence that the employee was acting within the scope of his employment. *Anthony,* 76 F.3d at 213. The plaintiff then has the burden of coming forward with "specific evidence" to rebut that presumption, and he cannot rely upon the allegations made in the complaint. *Anthony*, 76 F.3d at 215; *Brown,* 949 F.2d at 1012. Ultimately, the plaintiff "bears the burden of proving that the employee was not acting within the scope of employment."[9] *Brown*, 949 F.2d at 1012.

The scope-of-employment issue must be resolved applying the state law where the alleged tortuous act occurred, which in this case is Arkansas. *Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008); *Heuton v. Anderson*, 75 F.3d 357, 360 (8th Cir. 1996). Arkansas law provides that an employee is acting within the scope of his employment when he commits an intentional tort "if the tortuous conduct is taken in furtherance of the [employer]; i.e., where the [employee] is

---

[9] The plaintiff does *not* have a right to a jury trial on the scope-of-employment issue. *Osborne*, 549 U.S. at 252 (emphasis added). Instead, the issue must be resolved by the court soon after the motion for substitution is filed. *Id.; Brown*, 949 F.2d at 1012. Although a court may hold an evidentiary hearing, it is unnecessary to do so if the plaintiff fails to come forward with "specific evidence" to rebut the scope of employment presumption set forth in the certification. *See Anthony*, 76 F.3d at 215 (concluding that a hearing was unnecessary because the plaintiffs failed to come forward with specific evidence demonstrating that the defendant was acting outside of the scope of his employment); *McAdams v. Reno*, 64 F.3d 1137, 1145 (8th Cir. 1995) (same); *Brown v. Armstrong*, 949 F.2d at 1012 (same).

ostensibly acting for the benefit of the [employer]." *Cooper Clinic v. Barnes*, 237 S.W.3d 87, 93 (Ark. 2006); *Davis v. Fulton County, Ark.*, 884 F. Supp. 1245, 1263 (E.D. Ark. 1995) (applying Arkansas law).

As previously mentioned, the United States Attorney has produced a Certification stating that Defendant was acting within the scope of his employment within the BOP during all times that he had contact with Plaintiffs at FCI-FC. *See* docket entry #11, attachment 1. Additionally, Defendant has produced a sworn Declaration stating that both Plaintiffs were assigned to his caseload as a Correctional Counselor. *Id.,* attachment 2. Defendant denies ever stating that Plaintiffs were members of a gang.[10] *Id.* Finally, he avers that any conversations he had with Plaintiffs, or other inmates, took place during the course of fulfilling his duties as a Correctional Counselor. *Id.*

These averments establish, under Arkansas law, that Defendant was acting for the benefit of the BOP when he had any communications with Plaintiffs or other inmates. Thus, Defendant has set forth a prima facie case that he was acting in the scope of his employment.

In contrast, Plaintiff has failed to come forward with *any specific evidence* demonstrating that Defendant was acting outside the scope of his employment. *See* docket entries #21 and #24. Instead, Plaintiff argues that: (1) Defendant did, in fact, make the defamatory statements, which have harmed him; and (2) as a matter of law, federal employees should not be granted immunity for intentional torts, including defamation. However, neither of these arguments are relevant to the resolution of

---

[10]   Importantly, a defendant's denial of the alleged wrongdoing does *not* defeat the certification. In other words, the certification is still prima facie evidence that the defendant was acting within the scope of his employment, even if the defendant denies that the alleged wrongful act ever occurred. *Osborne,* 549 U.S. at 247; *Heuton*, 75 F.3d at 360.

the scope-of-employment issue.[11]

Based upon the unrebutted Certification and Declaration, it is clear that Defendant was acting within the scope of his employment.  Thus, there is no need to hold an evidentiary hearing on the scope-of-employment issue, and the United States should be substituted as the Defendant in this action pursuant to 28 U.S.C. § 2679(d)(1)

## C.        Defendant's Motion to Dismiss

Once the United States is substituted as the Defendant, the case is governed by the FTCA, which is the *exclusive* remedy for any tort actions brought against the federal government. *Armstrong,* 76 F.3d at 213; 28 U.S.C. § 2679(b)(1).  The FTCA is a statutory waiver of the federal government's right to sovereign immunity from suits for damages. *Johnson*, 534 F.3d at 962; 28 U.S.C. § 1346(b)(1).  However, the waiver of immunity is limited, and those limitations are codified into the exceptions to the FTCA.  *Id.; see also* 28 U.S.C. §§ 2679(d)(4) and 2680(h).

Specifically, § 2680(h) of the FTCA provides that there is no waiver of sovereign immunity for "any claims arising out of . . . libel [or] slander."  *See Anthony,* 76 F.3d at 215 (affirming the dismissal of a postal employee's defamation case against the United States, pursuant to § 2680(h); *McAdams*, 64 F.3d at 1145 (affirming the dismissal of a federal prison guard's defamation case against the United States, pursuant to § 2680(h)). Accordingly, the Plaintiffs' defamation case must be dismissed, with prejudice.

─────────────────

[11]Plaintiff's first argument goes to the ultimate issue of whether the defamation actually occurred, which has no bearing on the current preliminary issue of whether the United States should be substituted as the Defendant.  Plaintiff's second argument is also irrelevant to the substitution issue and, instead, relates to the issue of whether this case should be dismissed based upon sovereign immunity.  As explained in II, C, this action must be dismissed pursuant to § 2680(h) of the FTCA. Accordingly, Plaintiff's sovereign immunity argument is without merit.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff Phinney's Motion to Remand (docket entry #4) be DENIED.

2.      Defendant's Motion to Substitute the United States as the Party Defendant and to Dismiss the Complaint (docket entry #10) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE